NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-1398

COMMONWEALTH

vs.

RAMSEY CLAYTER.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

In 2020, the defendant pleaded guilty in the District Court to three counts of indecent assault and battery on a person aged fourteen or over, G. L. c. 265, § 13H, and one count of dissemination of obscene matter to a minor, G. L. c. 272, § 28.[1] In 2024, the defendant filed a "motion to vacate convictions and discharge defendant due to ineffective assistance of counsel."[2]

_____

[1] The defendant was initially charged with three counts of aggravated rape, G. L. c. 265, § 23A, and one count of dissemination of obscene matter to a minor. On the day of the plea, the aggravated rape charges were amended to indecent assault and battery on a person aged fourteen or over.

[2] A motion to withdraw a guilty plea is treated as a motion for a new trial under Mass. R. Crim. P. 30 (b), as appearing in 435 Mass. 1501 (2001). See Commonwealth v. DeJesus, 468 Mass. 174, 178 (2014).

After a nonevidentiary hearing, the motion judge, who was not the plea judge, denied the defendant's motion. The defendant appeals from that decision. We affirm.

The defendant alleges that his plea counsel was ineffective for failing to ensure that a probable cause hearing took place and that if one had been conducted, the charges against him would have been dismissed. As a result, the defendant maintains that he entered into an "illegal" guilty plea. To prevail on a claim of ineffective assistance of counsel, the defendant must show that "there has been serious incompetency, inefficiency, or inattention of counsel -- behavior of counsel falling measurably below that which might be expected from an ordinary fallible lawyer -- and, if that is found, then, typically, whether [counsel's performance] has likely deprived the defendant of an otherwise available, substantial ground of defence." Commonwealth v. Saferian, 366 Mass. 89, 96 (1974).

The defendant has failed to meet the burden of proving either prong of the Saferian test. Beginning with the first prong, counsel's performance, the defendant has failed to demonstrate how his counsel's conduct fell below that of an "ordinary fallible lawyer." Saferian, 366 Mass. at 96. The defendant failed to articulate how his counsel's failure to insist on a probable cause hearing on aggravated rape charges

2

was conduct falling below the standard of an ordinary lawyer, rather than a reasonably strategic decision under the circumstances.  The defendant simply made a conclusory assertion that his counsel "neglected to ensure a probable cause hearing was held."

Turning next to the second prong, we consider prejudice to the defendant.  The defendant has failed to demonstrate how the absence of a probable cause hearing prejudiced him or how his counsel deprived him of an otherwise available, substantial ground of defense.  See Saferian, 66 Mass. at 96.[3]  For instance, he merely asserts that "[h]ad the hearing been held, the charges would have been dismissed and [his] innocence proven."  Because the defendant failed to demonstrate how a probable cause hearing would have resulted in the dismissal of his charges, we cannot

---

[3] Based on a review of the defendant's plea colloquy there is nothing to suggest that the defendant's plea was not knowing, voluntary, or intelligent.

3

say that his counsel performed deficiently by not ensuring a probable cause hearing.  See Saferian, supra.

Order denying motion for new trial affirmed.

By the Court (Singh, D'Angelo & Hodgens, JJ.[4]),

*Paul Little*

Clerk

Entered:  June 10, 2025.

---

[4] The panelists are listed in order of seniority.